Bing LIANG, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–0022–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Jim Letten, United States Attorney for the Eastern District of Louisiana, William P. Gibbens, Assistant United States Attorney, Diane Hollenshed Copes, Assistant United States Attorney, New Orleans, Louisiana, for Respondent.

Present: Hon. Dennis JACOBS, Hon. Robert A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") decision is denied.

When the BIA affirms the decision of an immigration judge ("IJ") without opinion, we review the IJ's decision rather than the BIA's. See Arango–Aradondo v. INS, 13 F.3d 610, 613 (2d Cir.1994). The IJ's factual findings are reviewed under the substantial evidence standard and may be overturned only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). Inconsistent testimony often bears a legitimate nexus to

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *Id.* at 287. Finally, while an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005), it may not be based on speculation and conjecture, *see Secaida–Rosales*, 331 F.3d at 307, 312.

In this case, contrary to petitioner's contentions, the IJ's credibility determinations were substantially supported by the record as a whole. The IJ's determinations were based on Liang's lack of supporting evidence, general testimony, and implausible statements. Liang did not submit any witness statements, or evidence that he had ever been arrested, and he presented no plausible reason why the police had a continuing desire to persecute him. Accordingly, this Court concludes that the IJ's adverse credibility findings were based on "specific, cogent reasons" that bear a "legitimate nexus" to the findings. *Diallo*, 232 F.3d at 288.

In regard to Liang's Convention Against Torture ("CAT") claim, it is well-settled that, before a petitioner can seek judicial review of a claim, the petitioner must "exhaust all administrative remedies available." 8 U.S.C. § 1252(d)(1). A party may not seek judicial review of an adverse administrative decision until that party has first sought all possible relief within the agency itself. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). Here, Liang failed to raise his CAT claim before the BIA and,

therefore, it cannot be reviewed by the Court.